UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.:

WILLIAM PRESSWOOD,

    Plaintiff,

v.

SOMERSET ACADEMY, INC,
a Florida Not For Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLIAM PRESSWOOD, ("Plaintiff" or "Mr. Presswood"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA") seeking recovery from SOMERSET ACADEMY INC ("SAI" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Miami-Dade County, Florida.

3. Defendant is a Florida Not For Profit Corporation that is located and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's underage adopted children, at least one of who suffers from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to care for him; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for SAI as a Virtual Global Teacher, from August 22, 2016, until his unlawful and retaliatory termination on December 16, 2021.

8. During his time with SAI, Plaintiff was an excellent employee, with no history of non-FMLA-related attendance, performance or tardiness issues.

9. Plaintiff worked relatively without issue until, he disclosed to his employer that he needed to take leave to care for his nine (9) underage children, one of whom is disabled – a leave which is unquestionably covered under the FMLA. *See* 29 U.S.C. § 2612(a)(1)(A) and 29 U.S.C. § 2612(a)(1)(C).

2

10. In December 2021, Plaintiff informed his supervisor, Nicole Osagie ("Ms. Osagie"), that one of his children has special needs (severe autism) and requires a great amount of attention and care.

11. Plaintiff had previously disclosed his child's condition and need for leave to SAI management.

12. Despite these disclosures, Defendant never instructed Plaintiff on the availability of FMLA leave.

13. Plaintiff later discovered that since caring for his underage children and one disabled child is a qualifying event under the law, he was protected for up to twelve (12) weeks of unpaid leave pursuant to the FMLA.

14. As a result, on December 13, 2021, Plaintiff requested FMLA paperwork from Defendant's Human Resources Department, and informed both Ms. Osagie and Vice President, Gina LaLicata ("Ms. LaLicata") of his son's serious health condition and his need to care for him and his other children through the use of FMLA via email.

15. Three (3) days after Plaintiff's request for FMLA, on December 16, 2021, Ms. LaLicata brought Plaintiff into a meeting and informed him that in lieu of awarding him FMLA, he was being fired, effective immediately.

16. When Plaintiff asked why he was being terminated, Ms. LaLicata stated, "poor job performance" as the reason.

17. Defendant never issued Plaintiff any kind of formal disciplinary action, making Defendant's stated reason for Plaintiff's termination a clear pretext.

18. SAI retaliated against Mr. Presswood based on his son's serious health condition and his utilizing FMLA leave.

19. Any other "reason" theorized after the fact by SAI for its termination of Plaintiff's employment is pure pretext.

20. SAI's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his son's serious health condition and for taking protected FMLA leave to care for him and his other children.

21. SAI's actions were unlawful and constitute actionable violations of the FMLA.

22. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing his son's serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

23. The timing of SAI's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's prima facie case. *See Brungart, 231 F.3d at 799* ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

24. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

25. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

26. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

27. The timing of Plaintiff's disclosure of his son's serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

28. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use of protected FMLA leave.

29. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

30. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

35. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

36. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

5

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

41. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

42. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his son's serious health condition and his use of leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of November, 2023.

        Respectfully Submitted,

        ***/s/ Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*